UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, ET AL.,

        Plaintiffs,

Case No. 06-12485

v.

Honorable Patrick J. Duggan

JENNIFER GRANHOLM, ET AL.,

        Defendants.
                                      /

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 29, 2007.

This is a civil rights action filed under 42 U.S.C. §§ 1983 and 1985. The case was originally filed by fourteen Plaintiffs in the custody of the Michigan Department of Corrections. Two Plaintiffs, Lorenzo Anthony and D. Richmond, sought and the Court granted voluntary dismissal of their claims. An additional seven Plaintiffs[1] were dismissed for issues related to proceeding *in forma pauperis.* One of those seven Plaintiffs, Jeffery Carney, was later reinstated. On December 20, 2006, Plaintiff Reeves and Percival were each ordered to submit their proportionate share of the civil action filing fee by January 19, 2007. Plaintiffs were cautioned that failure to pay the filing fee would result in their dismissal.

---

[1] Those plaintiffs are: Michael Brown, Andre Scott, Jammy Morton, Jeffery Carney, Jim Jones, Earl Ewing, and E. Cromer.

Plaintiff Reeves has failed to pay any portion of his filing fee. On January 16, 2007, Plaintiff Reeves filed a response to the Court's order requiring him to pay the filing fee.[2] Plaintiff Reeves argues that he is under imminent danger of serious physical injury and, therefore, should be permitted to proceed *in forma pauperis.* A plaintiff may maintain a civil action despite having had three or more civil actions dismissed if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Conclusory allegations, however, are insufficient to satisfy the "imminent danger" exception to the three strikes rule. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Chance v. Tennessee*, 47 Fed. Appx. 762, 763 (6th Cir. 2002).

In support of his claim that he is under imminent danger of serious physical injury, Plaintiff Reeves maintains that he has not been provided with adequate cavity-fighting toothpaste and, consequently, has had several teeth pulled and risks having other teeth pulled. This conclusory allegation is insufficient to establish an imminent danger of serious physical injury. To establish that his complaint falls within the statutory exception to the "three-strikes" rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near

---

[2]On December 20, 2006, the Court denied Plaintiff Reeves' request to proceed *in forma pauperis* based on his filing of three previous civil rights complaints which were dismissed for failure to state a claim upon which relief may be granted. (*See* 12/20/06 Or. at 2-3).

inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (vague allegations of past physical injury are insufficient to meet statutory exception). The Court finds that Plaintiff Reeves' claim that he may at some point in the future require tooth extractions because of tooth decay is too attenuated and uncertain to constitute "imminent danger." Therefore, Plaintiff Reeves is **DISMISSED** from this action.

On February 27, 2007, four additional prisoners, Antoine Harris, Nathaniel Hudson, Timothy King, and Lee Massey filed a motion for permissive intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FED. R. CIV. P. 24(b). In this Court's opinion, allowing intervention at this time would unduly delay the proceedings in the present action. *See* FED. R. CIV. P. 24. Therefore, the motion for permissive intervention is **DENIED.** Although the Court denied the motion for permissive intervention, Antoine Harris, Nathaniel Hudson, Timothy King, and Lee

Massey may file a separate action asserting their claims.

Thus, five Plaintiffs, Leon Percival, Ron Denham, Andre Coleman, Raleem-X, and Jeffery Carney remain in the case. The adjusted number of plaintiffs remaining in the case requires a recalculation of the fees owed by the remaining Plaintiffs. Each prisoner is proportionally liable for any fees and costs that may be assessed. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Thus, any fees and costs for this action must be equally divided among the five remaining Plaintiffs. *Id.* Each Plaintiff is responsible for $70.00 of the $350.00 filing fee. Plaintiff Percival has paid his share of the filing fee.

Plaintiffs Denham, Coleman, Raleem-X and Carney are proceeding without prepayment of the filing fee for this action, pursuant to 28 U.S.C. § 1915(a)(1). The Court must assess and, if funds exist, collect from these four Plaintiffs' accounts an initial partial filing fee, consisting of twenty percent (20%) of the greater of: (1) the average monthly deposits to each Plaintiff's account, or (2) the average monthly balance in each Plaintiff's account for the preceding six (6) months. 28 U.S.C. § 1915(b). The initial partial filing fee for Andre Coleman is **$0.00**. The initial partial filing fee for Ron Denham is **$0.00**. The initial partial filing fee for Jeffery Carney is **$0.00**. The initial partial filing fee for Raleem-X, a/k/a Curtis Fuller, is **$1.00**. After Plaintiffs pay their initial partial filing fees, each Plaintiff is equally and separately liable for the proportional total sum of **$ 70.00**, and they must make monthly payments of twenty percent (20%) of the preceding month's income credited to their accounts until the total sum of $70.00 has

been paid. 28 U.S.C. § 1915(b)(2).

Plaintiffs have filed a Motion to Add Defendants in Amended Complaint. Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Because a responsive pleading has not been served, this Court will **GRANT** Plaintiffs to amend the complaint. Furthermore, because Plaintiffs have filed a First Amended Complaint, the Court considers it the operative complaint.

Now that the Court has resolved all of the outstanding filing-fee issues and Plaintiffs' motion to amend, it is appropriate for the Court to screen the First Amended Complaint pursuant to 28 U.S.C. § 1915 & § 1915A. Under §§ 1915 and 1915A, the Court is required to *sua sponte* dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

After carefully reviewing Plaintiffs' First Amended Complaint, the Court believes that Plaintiff Percival's Americans With Disabilities ("ADA") and Rehabilitation claims contained in Count I, or the "1st Cause of Action," fail to state a claim for which relief can be granted. To proceed under either the ADA or the Rehabilitation Act one must be a "qualified individual with a disability." 29 U.S.C. § 794; 42 U.S.C. § 12112. The

allegations Plaintiff Percival incorporates into Count I do not allege that Plaintiff Percival is disabled within the meanings of these statutes.  Therefore, Plaintiff Percival's ADA and Rehabilitation Act claims must be **DISMISSED**.

In addition, the Fifth Amendment claims asserted by Plaintiffs Raleem-X, Percival, and Coleman in Count XII, or the "12th Cause of Action," must be dismissed for failure to state a claim for which relief can be granted.  Count XII provides:

> Plaintiffs Raleem-X, Percival, and Coleman reallege ¶¶ 40-43, and 46-47, and 110-14, [sic] aver that defendant Bergh rendered their televisions useless and deprived them of their full cable tv service solely because of their seg status as a disciplinary measure while taking their funds from the PBF to pay for a service not being provided, unlike service provided to GP, pursuan[t] to illegal custom, contrary to U[.]S[.] Const[.] Amends[.] 1,5,14 (equal protection and due process clauses).

(First Am. Compl. ¶147).

According to this Court's reading of Count XII, Plaintiffs are invoking the Due Process and Equal Protection clauses of both the Fifth and Fourteenth Amendments. "[T]he Fifth Amendment's Due Process clause circumscribes only the actions of the federal government."  *Scott v. Clay County*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Furthermore, "[a]lthough it contains no Equal Protection clause as does the Fourteenth Amendment, the Fifth Amendment's Due Process clause prohibits the Federal Government from engaging in discrimination that is 'so unjustifiable as to be violative of due process.'" *Schlessinger v. Ballard*, 419 U.S. 498, 500 n.3, 95 S. Ct. 572, 573 n.3 (1975)(quoting *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S. Ct. 693, 694 (1954)).  In the

present case there are no allegations against the federal government. Thus, to the extent these Plaintiffs are alleging a Due Process clause claim and an equal protection claim under the Fifth Amendment, their claims must be **DISMISSED**.

As to the remaining claims brought pursuant to § 1983 and § 1985, the Court believes that, construing the Plaintiffs' *pro se* complaint liberally, *Spotts v. United States*, 429 F.3D 248, 250 (6th Cir. 2005)(citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972)), service of the complaint is appropriate on the nineteen defendants.

At this time, however, the Court may not direct service of the complaint upon the nineteen defendants because Plaintiffs have not filed a sufficient number of copies for service. *See* FED R. CIV. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint."). Plaintiffs filed a "Motion for Ruling as to Which Defendants Can be Added and Served After Screening to Avoid Unnecessary Copy Fees," asking the Court to postpone the requirement that Plaintiffs submit copies for each of the named defendants until after the Court determined whether any defendants would be summarily dismissed. The Court **GRANTS** the motion and, now that the Court has concluded its initial screening of the complaint, shall direct Plaintiffs to submit to the Clerk the required number of copies of the First Amended Complaint.

Therefore, the Court **ORDERS** Plaintiffs to submit to the Clerk nineteen properly bound copies of the first amended complaint and attachments within **THIRTY DAYS (30)** from the date of this Order. Failure to submit the required copies may result in the

dismissal of the complaint.

**SO ORDERED**.

                                                    sPATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Andre Coleman
173324
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Ron Denham
234620
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

Fred Reeves
241575
Baraga Maximum Facility
301 Wadaga Road
Baraga, MI 49908

Leon Percival
220239
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Jeffery Carney
188923
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908

Raleem-X, a/k/a Curtis Fuller
211080

Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Antoine Harris
374671
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Nathaniel Hudson
464170
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Timothy King
247314
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Lee Massey
290317
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862