UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, RALEEM-X, RON
DENHAM, LEON PERCIVAL, and
JEFFERY CARNEY,

  Plaintiffs,

v.

JENNIFER GRANHOLM, PATRICIA
CARUSO, SANDRA SCHULTZ
MENGEL, KIMBERLY S. HAUSER,    Case No. 06-12485
HANNAH WATSON, JUDGE RICHARD
BANDSTRA, JUDGE HOWARD C.    Honorable Patrick J. Duggan
WHITBECK, MIKE BRYANTON, DAVID
BERGH, BARBARA BOUCHARD, D.
BOBO, WILLIE SMITH, ANGELA
DISSESSA, DAVID EASTERDAY,
DAMIAN S. FISHER, JUDGE PETER D.
HOUK, JUDGE WILLIAM E. COLLETTE,
INGHAM COUNTY, and BAY COUNTY,

  Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
        U.S. DISTRICT COURT JUDGE

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiffs are

five state prisoners currently incarcerated in the Huron Valley Complex in Ypsilanti,

Michigan, the Alger Maximum Correctional Facility in Munising, Michigan, and the Baraga Maximum Correctional Facility in Baraga, Michigan. In their complaint, Plaintiffs allege "a variety of Constitutional violations" relating to their denial of access to court, deprivation of property rights, and conditions of confinement. (Pls.' Resp. at 1.) Presently before this Court are the following motions: (1) Plaintiffs' Motion for Class Action Certification;[1] (2) Defendant Bay County's Motion for More Definite Statement; and (3) Ingham County Defendants'[2] Motion for Change of Venue. Responses have been filed addressing these motions.

## I.  Plaintiffs' Motion for Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Initially, a plaintiff requesting certification of a class must satisfy the four criteria set forth in Rule 23(a), which states that a class action may be maintained "only if" the following four requirements are met:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

---

[1] Plaintiffs have filed two identical Motions for Class Certification. The first of these motions was filed on September 28, 2006. (Doc. No. 13.) The second was filed on July 31, 2007.

[2] For the purposes of this Opinion and Order, Ingham County Defendants include: Ingham County, Mike Bryanton, David Easterday, Damian Fisher, Judge Peter D. Houk, and Judge William E. Collette.

Plaintiffs' request for class certification fails because the named Plaintiffs cannot adequately represent the class. In several unpublished opinions, the Sixth Circuit has followed the Fourth Circuit's lead in holding that incarcerated, *pro se* litigants are not proper representatives of the interests of other inmates. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Howard v. Dougan*, NO. 99-2232, 2000 WL 8767700, 2000 U.S. App. LEXIS 15574, at *4 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, 1999 U.S. App. LEXIS 23309, at *2-3 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, 1996 U.S. App. LEXIS 22574, at *4 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, 1996 U.S. App. LEXIS 14371, at *3 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, 1991 U.S. App. LEXIS 28155, at *3 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257, 1991 U.S. App. LEXIS 10212, at *3 (6th Cir. May 7, 1991). In addition, Plaintiffs' adequacy argument relies on their assumption that counsel will be appointed and that such counsel will "be competent to protect the interests of the class." (Pls.' Br. at 2.) Plaintiffs, however, have not filed a motion for appointment of counsel, and even if they had, this Court is not persuaded that appointing counsel is necessary at this juncture. Consequently, this Court will deny Plaintiffs' Motion for Class Certification without prejudice.

### III. Bay County's Motion for a More Definite Statement

Defendant Bay County requests that this Court order Plaintiffs to amend their complaint so that the allegations against it can be pled with more specificity. In its motion, Defendant Bay County cites Rule 12(e) of the Federal Rules of Civil Procedure,

which provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. . . .

FED. R. CIV. P. 12(e).

More specifically, Defendant Bay County "is requesting that the Plaintiff [*sic*] provide more information regarding the times and details complained of and, with some specificity, advised [*sic*] Defendant as to what pleadings may have been returned to Plaintiff [*sic*] or what denial of Writ of Habeas Corpus, etc., they are making complaint of." (Bay County's Br. at 5.) In their response, Plaintiffs state that "an error was made in that Arenac County is the proper county for as-applied challenges by Plaintiffs Coleman-Bey and Denham-Bey. However, with respect to a facial challenge, all Michigan counties are governed by MCL 600.2963(8), and for that reason, Bay County is a proper defendant for the future prospective declaratory and injunctive relief requested." (Pls.' Resp. at 1.)

The Court believes that Plaintiffs admission that "Arenac County is the proper county for as-applied challenges by Plaintiffs Coleman-Bey and Denham-Bey" renders any as-applied challenge to Section 600.2963(8) of Michigan Compiled Laws against Bay County moot. Moreover, to the extent that Plaintiffs are asserting a facial challenge to Section 600.2963(8), every county in Michigan need not be named. Consequently, this Court will dismiss Defendant Bay County.

### IV. Ingham County Defendants' Motion for Change of Venue

In their motion, Ingham County Defendants cite 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), "a district court 'has broad discretion to grant or deny [a] motion to transfer a case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)(quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). The moving party bears the burden of showing, by a preponderance of the evidence, that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

The Ingham County Defendants request that the Court transfer this case to the United States District Court for the Western District of Michigan. Neither Plaintiffs nor the Ingham County Defendants dispute that this lawsuit could have been brought in the Western District of Michigan, and venue is proper there. *See* 28 U.S.C. § 1391(b). Therefore, to determine whether a motion to transfer venue pursuant to § 1404(a) should be granted, this Court must weigh a number of case-specific factors, including the following: (1) the convenience of the parties, (2) the convenience of the witnesses, (3) accessibility to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) the costs of obtaining willing witnesses, (6) the practical problems of trying the case most expeditiously and inexpensively, and (7) the interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994)(Gadola, J.).

The Ingham County Defendants discuss only the first two factors listed above. As

to the first factor, it is well-established that a plaintiff's choice of forum is given substantial deference, *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001)(Gadola, J.), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989)(quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-08, 67 S. Ct. 839, 843 (1947)). Where, however, a plaintiff's connection to the forum is tenuous, his or her choice is given less deference. *Martin ex rel. Martin v. Toyota Motor Sales, U.S.A., Inc.*, 2007 WL 1071042, 2007 U.S. Dist. LEXIS (E.D. Mich. Apr. 4, 2007)(Zatkoff, J.). The Ingham County Defendants argue that 16 of the 19 Defendants and 4 of the 5 Plaintiffs[3] reside in the Western District. While this is technically true, the Ingham County Defendants, in particular, are located primarily in Lansing, Michigan, which is on the eastern edge of the Western District. Consequently, this Court does not believe that any inconvenience resulting from traveling to this district should upset Plaintiffs' choice of forum.

With respect to the second factor, it has been held that "[w]itnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Thomas*, 131 F. Supp. 2d at 937. The court in *Thomas* further explained:

> In weighing the convenience of the witnesses, more important
> than raw numbers of witnesses living in a particular

---

[3] The Ingham County Defendants actually state that all of the Plaintiffs reside in the Western District. Plaintiff Ron Denham, however, currently resides at the Huron Valley Complex in Ypsilanti, Michigan, which is in this district. *See* 28 U.S.C. § 102(a)(1).

> jurisdiction is the residence of the key witness or witnesses. One chief witness's convenience, in fact, may outweigh the convenience of the other, less significant witnesses. This is why the parties should provide each witness's name and an outline of what material testimony that witness would provide. Only when the Court is armed with such information can it properly assess the convenience of the witnesses.

*Id.*

In their brief, the Ingham County Defendants do nothing more than state "the Western District is the location of Defendants' documents and witnesses." (Ingham Co. Dfts.' Br. at 2.) In their response, Plaintiffs have provided a list of non-party witnesses they plan on using to support their claims. (Pls.' Resp. at 4-5.) Nonetheless, given the fact that neither Plaintiffs nor the Ingham County Defendants have provided an outline of what material testimony any witnesses will provide, this Court does not believe it has sufficient information to assess the convenience of the witness. Consequently, this factor does not favor either the Eastern or Western District.

Furthermore, neither the Ingham County Defendants nor Plaintiffs have addressed the remaining factors in their briefs. Consequently, none of the remaining factors favor either the Eastern or Western District.

In conclusion, the Ingham County Defendants have failed to satisfy their burden in showing, by a preponderance of the evidence, that transferring this case to the Western District is warranted pursuant to 28 U.S.C. § 1404(a).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Class Action Certification is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendant Bay County's Motion for a More Definite Statement is **DENIED AS MOOT** and that Defendant Bay County is **DISMISSED**;

**IT IS FURTHER ORDERED** that Ingham County Defendants' Motion for Change of Venue is **DENIED.**

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

Andre Coleman
#173324
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Ron Denham
#234620
Huron Valley Complex
3201 Bemis Road
Ypsilanti, MI 48197

Leon Percival
#220239
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Jeffery Carney
#188923
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908

Raleem-X, a/k/a Curtis Fuller
#211080

Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862


Julia Bell, A.A.G.
John McGlinchey, Esq.
Timothy Perrone, Esq.
Mark Schoen, A.A.G.
Richard Sheppard, Esq.