UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, RALEEM-X, RON
DENHAM, LEON PERCIVAL, and
JEFFERY CARNEY,

    Plaintiffs,

v.

JENNIFER GRANHOLM, PATRICIA
CARUSO, SANDRA SCHULTZ
MENGEL, KIMBERLY S. HAUSER,      Case No. 06-12485
HANNAH WATSON, JUDGE RICHARD
BANDSTRA, JUDGE HOWARD C.      Honorable Patrick J. Duggan
WHITBECK, MIKE BRYANTON, DAVID
BERGH, BARBARA BOUCHARD, D.
BOBO, WILLIE SMITH, ANGELA
DISSESSA, DAVID EASTERDAY,
DAMIAN S. FISHER, JUDGE PETER D.
HOUK, JUDGE WILLIAM E. COLLETTE,
INGHAM COUNTY, and BAY COUNTY,

    Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND
DENYING MOTION TO TRANSFER VENUE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 28, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985.

Plaintiffs are five state prisoners currently incarcerated in the Huron Valley Complex in Ypsilanti, Michigan, the Alger Maximum Correctional Facility in Munising, Michigan, and the Baraga Maximum Correctional Facility in Baraga, Michigan. In their complaint, Plaintiffs allege "a variety of Constitutional violations" relating to their alleged denial of access to court, alleged deprivation of property rights, and conditions of confinement. (Pls.' Resp. at 1.)

Presently before this Court is Leon Percival's[1] ("Plaintiff") "Motion for Temporary Restraining Order and Preliminary Injunction." This motion was filed on December 5, 2006, several months before Defendants were served on May 4, 2007.[2] No Defendant has responded to Plaintiff's motion and the time for response has expired. *See* E.D. Mich. LR 7.1.

Also before this Court is the "Motion to Transfer Venue to the United States District Court for the Western District of Michigan" filed by Defendants Patricia Caruso, David Bergh, Willie O. Smith, and Barbara Bouchard (hereinafter "MDOC Defendants"). On August 27, 2007, this Court entered an order extending the time for Plaintiffs to respond to the MDOC Defendants' motion to September 6, 2007. As of this date, Plaintiffs have

---

[1] Plaintiff Percival's motion requests "an order allowing himself and/or the plaintiffs, and/or the plaintiff class to purchase a radio . . . ." (Pl.'s Motion at 1.) In an Opinion and Order dated August 27, 2007, this Court denied Plaintiffs' Motion for Class Certification. Moreover, the Motion for Temporary Restraining Order and Preliminary Injunction was signed only by Plaintiff Percival. Therefore, the Court construes the Motion for Temporary Restraining Order and Preliminary Injunction as being brought by Plaintiff Percival.

[2] The order directing service states: "The Court . . . ORDERS the United States Marshal to serve the appropriate papers in this case on defendants without prepayment of the costs for such service." (Document No. 30.) It is not clear whether any of the Defendants were served with Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

2

not filed a response.

I. **Plaintiff Percival's Motion for Temporary Restraining Order and Preliminary Injunction**

   A. **Standard of Review**

   A temporary restraining order and a preliminary injunction are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To determine whether a temporary restraining order or a preliminary injunction should issue, the Court must consider four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Rock & Roll Hall of Fame & Museum v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). These four factors "are factors to be balanced not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997). Nonetheless, the Court must address each factor "unless fewer factors are dispositive of the issue." *Id.* at 399.

   B. **Analysis**

   Plaintiff challenges Policy Directive 04.05.120 ("PD 04.05.120"), which was issued by the Michigan Department of Corrections. PD 04.05.120 prohibits prisoners placed in administrative segregation from possessing "[a]ppliances operated only by A/C adapters

and/or batteries." (*See* PD 04.05.120 Attachment B.) Plaintiff contends that by enacting PD 04.05.120, Defendant Caruso has effectively penalized prisoners placed in administrative segregation by failing to provide a suitable alternative radio which meets the requisite criteria for possession in administrative segregation. Plaintiff argues that without such a radio he "cannot access [his] religious and nonreligious cassette tapes which is no different than serving a loss of privileges (LOP) sanction for disciplinary reasons. A prisoner without his appliances in administrative segregation is in effect serving a punitive detention sanction." (Pl.'s Br. at 1.) As a result of the prohibition, Plaintiff contends that he is "unlawfully being deprived of [his] [F]irst Amendment freedoms." (*Id.* at 3.)

This Court does not believe that Plaintiff has carried his burden in proving that he will succeed on the merits. To prove a violation of his First Amendment right to freely exercise his religion, Plaintiff must establish that PD 04.05.120's prohibition "substantially burdened his sincerely held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). In his motion, Plaintiff does nothing more than state conclusions and fails to provide any evidence that his sincerely held religious beliefs are substantially burdened. In fact, Plaintiff fails to describe what his particular religious beliefs are. Consequently, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction will be denied.

**II.   Defendants' Motion to Transfer**

On August 27, 2007, this Court entered an Opinion and Order denying a motion to

transfer venue filed by the Ingham County Defendants.[3] Like the Ingham County Defendants, the MDOC Defendants argue that the venue properly lies in the Western District of Michigan. While venue is proper in the Western District because many of the Defendants, including all of the MDOC Defendants, reside there, *see* 28 U.S.C. § 1391(b), Defendant Angela DiSessa resides in Oakland County. (*See* Am. Compl. ¶ 9(a).) Therefore, venue is also proper in this District. *See id.*; 28 U.S.C. § 102(a)(1). Consequently, this Court must determine whether it is proper to transfer venue pursuant to 28 U.S.C. § 1404(a).

The party moving for transfer pursuant to § 1404(a) bears the burden of showing, by a preponderance of the evidence, that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003). In support of their motion, the MDOC Defendants do nothing more than state "it would be more convenient for the parties and witnesses and makes more sense to transfer this case to the United States District Court for the Western District of Michigan." (MDOC Dfts.' Br. at 3.) The MDOC Defendants' conclusory assertion is insufficient to satisfy its burden. Therefore, the MDOC Defendants' motion to transfer will be denied.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue to the

---

[3]The Ingham County Defendants include: Ingham County, Mike Bryanton, David Easterday, Damian Fisher, Judge Peter D. Houk, and Judge William E. Collette.

United States District Court for the Western District of Michigan is **DENIED.**

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Andre Coleman
#173324
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Ron Denham
#234620
Huron Valley Complex
3201 Bemis Road
Ypsilanti, MI 48197

Leon Percival
#220239
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Jeffery Carney
#188923
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908

Raleem-X, a/k/a Curtis Fuller
#211080
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Christine M. Campbell, A.A.G.
Julia R. Bell, A.A.G.
John R. McGlinchey, Esq.
Timothy M. Perrone, Esq.
Mark Schoen, A.A.G.
Richard C. Sheppard, Esq.