UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, RALEEM-X, RON
DENHAM, LEON PERCIVAL, and
JEFFERY CARNEY,

    Plaintiffs,

v.

JENNIFER GRANHOLM, PATRICIA
CARUSO, SANDRA SCHULTZ          Case No. 06-12485
MENGEL, KIMBERLY S. HAUSER,
HANNAH WATSON, JUDGE RICHARD    Honorable Patrick J. Duggan
BANDSTRA, JUDGE HOWARD C.
WHITBECK, MIKE BRYANTON, DAVID
BERGH, BARBARA BOUCHARD, D.
BOBO, WILLIE SMITH, ANGELA
DISSESSA, DAVID EASTERDAY,
DAMIAN S. FISHER, JUDGE PETER D.
HOUK, JUDGE WILLIAM E. COLLETTE,
INGHAM COUNTY, and BAY COUNTY,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 21, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985.

Plaintiffs are five state prisoners currently incarcerated in the Alger Maximum

Correctional Facility in Munising, Michigan, the Baraga Maximum Correctional Facility in Baraga, Michigan, the Ionia Maximum Correctional Facility in Ionia, Michigan, and the Marquette Branch Prison in Marquette, Michigan.  In their complaint, Plaintiffs allege constitutional violations relating to their alleged denial of appliances (specifically radios previously permitted in segregation), inhumane conditions in segregation units, uncomfortable shoes, inadequate toothpaste, use of bright lights in cells up to and exceeding 18 hours a day, limits on the time frame for appealing charges of major misconduct, and denial of access to the courts.  (*See* Doc. No. 23, First Am. Compl.)

On January 19, 2007, Plaintiff Raleem-X filed a "Motion for Temporary Restraining Order and Preliminary Injunction."  (Doc. No. 26.)  On July 19, 2007, Plaintiff Leon Percival filed a "Motion for Temporary Restraining Order and Preliminary Injunction."  (Doc. No. 49.)  That same day, Plaintiffs Leon Percival and Jeffery Carney filed a "Motion for Temporary Restraining Order or Preliminary Injunction."  (Doc. No. 50.)  No Defendant has responded to these motions and the time to file a response has expired. E.D. Mich. LR 7.1 (d)(1)(B).  This Court referred all pre-trial matters to Magistrate Judge Steven D. Pepe on October 4, 2007.

On December 28, 2007, Magistrate Judge Pepe issued a Report and Recommendation ("R&R") recommending that Plaintiffs' motions be denied.  On January 15, 2008, Plaintiff Raleem-X filed an "Objection" and "Supplemental Objection" to the R&R.  All of the Plaintiffs filed a "Verified Brief in Support of Objection to the Report and Recommendation Denying Preliminary Relief" on January 12, 2008.

I. **Standard of Review**

The parts of the R&R to which the parties specifically object will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(explaining that vague, general, and conclusory objections are tantamount to a complete failure to object). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## II. Discussion

### A. Standard for Issuance of Preliminary Injunction and Temporary Restraining Order

Temporary restraining orders and preliminary injunctions are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To determine whether a temporary restraining order or a preliminary injunction should issue, the Court must consider four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Rock & Roll Hall of Fame & Museum v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). These four factors "are factors to be balanced not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997). Nonetheless, the Court must address each factor "unless fewer factors are dispositive of the issue." *Id.* at

3

399.

**B. Raleem-X's January 15, 2008 "Objection" and "Supplemental Objection"**

In his motion, Raleem-X alleges that officials at MDOC's Alger Maximum Correctional Facility confiscated his legal materials, poisoned his food, and sexually assaulted him, all in retaliation for filing the present lawsuit or other lawsuits. To remedy these alleged acts of retaliation, Raleem-X seeks an order transferring him to the Standish or Ionia Maximum Correctional Facility.

Magistrate Judge Pepe recommended that this Court deny Raleem-X's motion on grounds that Raleem-X had failed to satisfy his burden in establishing that: (1) he was likely to succeed on the merits of his First Amendment retaliation claim and his Eighth Amendment claim; and (2) he will suffer irreparable harm without the preliminary injunction. (*See* R&R at 4-6.) Raleem-X's "Objection" and "Supplemental Objection" take issue with Magistrate Judge Pepe's recommendation.

Since the issuance of Magistrate Judge Pepe's R&R and the filing of his "Objection" and "Supplemental Objection," Raleem-X has been transferred to the Marquette Branch Prison in Marquette, Michigan. As stated above, Raleem-X sought a transfer based on the alleged acts of retaliation by officials at the Alger Maximum Correctional facility. Because Raleem-X has now been transferred from the institution that committed the alleged acts of retaliation, his request for preliminary injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)(holding that a prisoner's request for injunctive relief is moot upon transfer to different facility). Therefore, the Court will deny Raleem-X's motion as moot.

**B. Plaintiffs' January 18, 2008 "Objection"**

Although all of the Plaintiffs filed the January 18, 2008 "Objection," the Court will construe the Plaintiffs' "Objection" as Percival's and Percival and Carney's objection to the R&R.

The majority of the "Objection" takes issue with the portion of the R&R recommending that Percival's motion for a temporary restraining order or a preliminary injunction be denied. In his motion, Percival sought a preliminary order enjoining MDOC from: (1) confiscating and destroying legal pleadings and exhibits needed for this case and (2) interfering with the communication and exchange of pleadings and documents between the parties in this case. Magistrate Judge Pepe's R&R recommends that Percival's motion be denied for want of a sufficient showing of irreparable harm and likelihood of success on the merits.

It is well-settled that prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350, 116 S. Ct. 2174, 2179 (1996). In order to succeed on a claim alleging interference with access to the courts, a prisoner must demonstrate an "actual injury" and that a state actor intentionally interfered with the pursuit of the prisoner's legal claim. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc)). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.* (citation omitted).

This Court agrees with Magistrate Judge Pepe and concludes that Percival has failed

to show that he has suffered irreparable injury and that he is likely to succeed on the merits of his claim alleging interference with access to the courts.  Percival contends that the alleged confiscations have prevented him (and Plaintiffs) from filing second supplemental and second amended complaints and a motion for sanctions.  Percival, however, has failed to show that these alleged confiscations actually prejudiced Plaintiffs' case.  Therefore, the Court concurs with Magistrate Judge Pepe and will deny Percival's motion for a temporary restraining order or a preliminary injunction.

The "Objection" also seems to take issue with the portion of Magistrate Judge Pepe's R&R recommending that this Court deny Percival and Carney's request for a preliminary order requiring the MDOC to provide Plaintiffs "access to the typing room in excess of the allotted 2 hours" per week.  (R&R at 9.)  As noted by Magistrate Judge Pepe, Percival and Carney have failed to show that the two-hour time limit on access to the typing room has actually prejudiced Plaintiffs' case.  (*See id.*)  Thus, Percival and Carney have failed to show that the time limit on their access to the typing room has resulted in an irreparable injury or that they are likely to succeed on a claim alleging interference with access to the courts.  Because Percival and Carney have failed to show that the limitation on access to the typing room is sufficient to warrant preliminary injunctive relief and because Percival and Carney have failed to make specific objections to any other issue dealt with in the portion of the R&R recommending that their motion be denied, *see Miller*, 50 F.3d at 380, the Court will deny their motion.

Accordingly,

**IT IS ORDERED** that Raleem-X's "Motion for Temporary Restraining Order and

Preliminary Injunction" (Doc. No. 26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Percival's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 49) and Percival and Carney's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 50) are **DENIED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Andre Coleman
#173324
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Ron Denham
#234620
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

Leon Percival
#220239
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Jeffery Carney
#188923
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908


Raleem-X, a/k/a Curtis Fuller
#211080
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Julia R. Bell, A.A.G.

John R. McGlinchey, Esq.
Timothy M. Perrone, Esq.
Mark Schoen, A.A.G.

Magistrate Judge Steven D. Pepe