UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON PERCIVAL, RON DENHAM,
ANDRE COLEMAN, RALEEM-X, AND
JEFFERY CARNEY,

        Plaintiffs,         Case No. 06-12485

vs.         DISTRICT JUDGE PATRICK J. DUGGAN
        MAGISTRATE JUDGE STEVEN D. PEPE

JENNIFER GRANHOLM, ET. AL.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND (DKT. # 119)

Plaintiffs Andre Coleman, Raleem-X, Ron Denham, Leon Percival, and Jeffery Carney (collectively "Defendants") are inmates incarcerated by the Michigan Department of Corrections ("MDOC") at the Huron Valley Complex, the Alger Maximum Correctional Facility and the Baraga Maximum Correctional Facility. Plaintiffs pursuant to 42 U.S.C. § 1983 and § 1985, filed a *pro se* civil rights complaint under seeking class certification and alleging denial of appliances (specifically radios previously permitted in segregation), inhumane conditions in segregation units, uncomfortable shoes, inadequate toothpaste, use of bright lights in cells up to and exceeded 18 hours a day, limits on the time frame for appealing charges of major misconduct, and denial of access to the courts (Dkt. # 23).

On April 4, 2008, Plaintiffs filed a motion to file a second supplemental complaint (Dkt. # 119). All pretrial matters were referred to the undersigned on May 11, 2007, pursuant to 28

1

U.S.C. §636(b)(1)(A) and (B) (Dkt. #89). For the reasons discussed below, this motion is **DENIED**.

Rule 15(d) of the Federal Rules of Civil Procedure provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The Court's discretion in granting or denying leave to supplement a pleading is similar to that under Rule 15(a) regarding amending pleadings. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed.1990). The Supreme Court articulated its standard when determining whether to grant leave to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Courts will liberally grant leave to file a supplemental pleading unless it finds the existence of factors such as undue delay, bad faith, undue prejudice, or that the amendment would be futile.

In the present case, Plaintiffs seek to supplement their complaint to among other things "seek relief from actions taken by Defendant . . . since the filing of their original complaint in relation for having filed this action including the repeated destruction of . . documents,

2

correspondence and pleadings" (Dkt. # 119, p. 1).

Plaintiffs filed their initial Complaint on June 2, 2006, and an Amended Complaint, per Fed. R. Civ. P. 15(a), on January 16, 2007 (Dkt. # 23). Plaintiff's request for permissive intervention, filed on February 27, 2007, was denied by Judge Duggan as he determined that this motion would needlessly delay the proceedings (Dkts. ## 27, 28). More recently, on April 2, Judge Duggan adopted the undersigned's Report and Recommendation and dismissed Defendants Caruso, Bergh, Bouchard, Smith and Bobo from this litigation (Dkt. # 116).

Plaintiffs' motion to supplement is not appropriate at this time. Filing a federal law suit is not like shopping with a grocery basket where you can continue to add various items, often unrelated, over a period of time. Even grocery stores have to close and ask their patrons to proceed to the check out line. That time has come for Plaintiffs. It is nearly two years since they filed their complaint, and in that time motions for Temporary Restraining Orders have been denied, and Defendant's motions to dismiss and for summary judgment have been granted. Granting Plaintiff's motion to amend and supplement now would delay the present litigation, and involve parties that have been dismissed from this suit. Accordingly, **IT IS ORDERED** that Plaintiffs' motion be **DENIED**.

**SO ORDERED**.

Dated: April 9, 2008  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 9, 2008.

                                                s/ Alissa Greer
                                                Case Manager to Magistrate
                                                Judge Steven D. Pepe
                                                (734) 741-2298