UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, et al.,
    Plaintiffs,

v.                                                       Case No. 06-12485

JENNIFER GRANHOLM, et al.,         Honorable Patrick J. Duggan
    Defendants.
                                     /

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION
## FOR PRELIMINARY RELIEF (DOC. NO. 127)

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 18, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiffs are five state prisoners currently incarcerated in the Alger Maximum Correctional Facility in Munising, Michigan, the Huron Valley Complex in Ypsilanti, Michigan, and the Marquette Branch Prison in Marquette, Michigan. In their complaint, Plaintiffs allege constitutional violations relating to their alleged denial of appliances (specifically radios previously permitted in segregation), inhumane conditions in segregation units, uncomfortable shoes, inadequate toothpaste, use of bright lights in cells up to and exceeding 18 hours a day, limits on the time frame for appealing charges of major misconduct, and denial of access to the courts. (*See* Doc. No. 23, First Am. Compl.)

The Court referred all pre-trial matters to Magistrate Judge Steven D. Pepe on October 4, 2007. On May 19, 2008, Plaintiffs Andrew Coleman-Bey and Leon Percival filed a motion for temporary restraining order and preliminary injunction. (Doc. No. 127.) On May 30, 2008, Magistrate Judge Pepe issued a Report and Recommendation ("R&R") recommending that Plaintiffs' motion be denied. (Doc. No. 128.) On June 11, 2008, Plaintiffs Coleman-Bey and Percival filed an "Objection" to the R&R. (Doc. No. 131.) On June 18, 2008, Defendants filed a Response to Plaintiffs' "Objection." (Doc. No. 132.)

## I. Standard of Review

The parts of the R&R to which the parties specifically object will be reviewed by the Court *de novo*. *See* FED. R. CIV. P 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that vague, general, and conclusory objections are tantamount to a complete failure to object). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)(citations omitted).

## II. Discussion

### A. Plaintiffs' Motion

In their motion, Plaintiffs Coleman-Bey and Percival seek a temporary restraining order and preliminary injunction enjoining Defendants Ingham County, Judge William Collette, Judge Peter Houk, Mike Bryanton, David Easterday, and Damian Fisher ("Ingham County Defendants") from

> ruling on or rejecting Plaintiff Coleman-Bey's waiver and/or
> suspension of fees filed in Ingham County Circuit Court for
> the Petition for Judicial Review on the March 21, 2008 denial
> of Request for Rehearing on the guilty finding on the January
> 19, 2008 Creating A Disturbance and Disobeying A Direct
> Order that was heard January 30, 2008 before Hearing Officer
> Linda Maki.

(Doc. No. 127.) Plaintiffs fear that Ingham County Defendants will incorrectly apply MICH. COMP. LAWS §§ 600.5505 and 600.2963 to Plaintiff Coleman-Bey's appeal of his misconduct finding, and thereby wrongfully deny his suit on account of inability to pay past court filing fees. (*See* Doc. No. 128 at 3-4.)

Magistrate Judge Pepe recommended that this Court deny Plaintiffs' motion on two grounds: (1) Plaintiffs failed to show that they suffered an injury in fact and thus lacked standing, and (2) even if Plaintiffs had standing, this Court would lack jurisdiction to grant the motion under the *Rooker-Feldman* doctrine. This Court agrees with Magistrate Judge Pepe to the extent that he recommends that Plaintiffs' motion be denied for lack of standing.

### B. Plaintiffs' June 11, 2008 "Objection"

Plaintiffs "Objection" addresses both the standing and jurisdictional grounds upon which Magistrate Judge Pepe based his recommendation. With regard to standing, the Supreme Court has held that to have standing to bring suit:

> A plaintiff must show (1) [he or she] has suffered an "injury
> in fact" that is (a) concrete and particularized and (b) actual or
> imminent, not conjectural or hypothetical; (2) the injury is
> traceable to the challenged action of the defendant; and (3) it
> is likely, as opposed to merely speculative that the injury will
> be redressed by a favorable decision.

3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 704 (2000).

By filing this motion before Plaintiff Coleman-Bey filed his application for direct review of a misconduct finding in Ingham County Circuit Court, Plaintiffs seek redress for purely hypothetical injuries. Plaintiffs' unsupported statement that they have "repeatedly lost their right to file their cases by the misapplication of [MICH. COMP. LAWS § 600.2963] by [D]efendants," (Pls.' Obj. at 2) and their speculation that they will be injured in the future are insufficient to establish standing. Therefore, the Court will deny Plaintiffs' motion for a temporary restraining order and a preliminary injunction due to a lack of standing.

Additionally, Plaintiffs' "Objection" takes issue with the portion of Magistrate Judge Pepe's R&R that recommends that the motion be denied on jurisdictional grounds. Because Plaintiffs do not have standing, the Court need not reach the issue of whether Plaintiffs' motion would be barred for lack of jurisdiction in the event that Plaintiffs did have standing.

Accordingly,

**IT IS ORDERED** that Andre Coleman-Bey and Leon Percival's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 127) is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Andre Lee Coleman-Bey

4

#173324
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Ron Denham
#234620
Huron Valley Complex/Men's
3201 Bemis Rd.
Ypsilanti, MI 48197

Leon Percival
#220239
Alger Maximum Correctional Facility
P.O. Box 600
Munising, MI 49862

Jeffery Carney
#188923
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Raleem-X, a/k/a Curtis Fuller
#211080
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

John R. McGlinchey, Esq.

Magistrate Judge Steven D. Pepe