UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, et al.,

      Plaintiffs,

                                    Case No. 06-12485

v.

                                    Honorable Patrick J. Duggan

JENNIFER GRANHOLM, et al.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING THE INGHAM COUNTY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' COUNTER-MOTIONS FOR SUMMARY JUDGMENT
AS TO THE INGHAM COUNTY DEFENDANTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 14, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiffs are five state prisoners currently incarcerated in one of the following Michigan Department of Corrections' prisons: the Alger Maximum Correctional Facility in Munising, Michigan; the Gus Harrison Correctional Facility in Adrian, Michigan; and the Marquette Branch Prison in Marquette, Michigan. Plaintiffs' amended complaint, which was filed on January 16, 2007 and names 20 Defendants, asserts several constitutional claims challenging the conditions of their confinement and other claims challenging the

constitutionality of section 600.2963(8) of the Michigan Compiled Laws.

Presently before this Court are Plaintiffs' Objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Steven D. Pepe on August 14, 2008.

## I. Background

As a result of the Court's disposition of prior motions, only Plaintiffs' claims challenging the constitutionality of section 600.2963(8) of the Michigan Compiled Laws against 13 of the Defendants remain.[1] The Court will collectively refer to the following six of the remaining 13 Defendants as the "Ingham County Defendants": Ingham County; Ingham County Circuit Court Judge William Collette; Ingham County Circuit Court Judge Peter Houk; Ingham County Circuit Court administrator David Easterday; Ingham County Circuit Court clerk Mike Bryanton; and Ingham County Circuit Court law clerk Damian S. Fisher. In addition, there are seven other remaining Defendants that the Court will collectively refer to as the "Court of Appeals Defendants." The Court of Appeals Defendants include: Jennifer Granholm, Sandra Schultz Mengel, Kimberly S. Hauser, Hannah Watson, Angela Dissessa, Judge Richard Bandstra, and Judge Howard C. Whitbeck.

As already indicated, Plaintiffs challenge the constitutionality of section 600.2963 of the Michigan Compiled Laws, which governs the payment of fees for civil suits filed

---

[1]Defendant Bay County was dismissed on August 27, 2007. (Doc. No. 66.) On April 2, 2008, the Court dismissed Defendants Barbara Bouchard, Patricia Caruso, Willie Smith, David Bergh, and D. Bobo after granting summary judgment in their favor. (Doc. No. 116.)

2

by indigent prisoners. Section 2963 reads in its entirety:

> **600.2963. Indigent prisoners; filing of civil action or appeal in civil action; submission of institutional account for payment of filing fees**
>
> Sec. 2963. (1) If a prisoner under the jurisdiction of the department of corrections submits for filing a civil action as plaintiff in a court of this state or submits for filing an appeal in a civil action in a court of this state and states that he or she is indigent and therefore is unable to pay the filing fee and costs required by law, the prisoner making the claim of indigency shall submit to the court a certified copy of his or her institutional account, showing the current balance in the account and a 12-month history of deposits and withdrawals for the account. The court then shall order the prisoner to pay fees and costs as provided in this section. The court shall suspend the filing of the civil action or appeal until the filing fee or initial partial filing fee ordered under subsection (2) or (3) is received by the court. If the court orders that a prisoner pay a filing fee or partial filing fee, all documents submitted by the prisoner that relate to that action or appeal shall be returned to the prisoner by the court along with 2 certified copies of the court order. An additional certified copy of the court order shall be sent to the department of corrections facility where the prisoner is housed. The prisoner then shall, within 21 days after the date of the court order, resubmit to the court all documents relating to the action or appeal, accompanied by the required filing fee or partial filing fee and 1 certified copy of the court order. If the filing fee or initial partial filing fee is not received within 21 days after the day on which it was ordered, the court shall not file that action or appeal, and shall return to the plaintiff all documents submitted by the plaintiff that relate to that action or appeal.
>
> (2) If, upon commencement of the civil action or the filing of the appeal, the balance in the prisoner's institutional account equals or exceeds the full amount of the filing fee required by law, the court shall order the prisoner to pay that amount.
>
> (3) If, upon commencement of the civil action or the filing of the appeal, the balance in the prisoner's institutional account is less than the full amount of the filing fee required by law,

the court shall require the prisoner to pay an initial partial filing fee in an amount equal to 50% of the greater of the following:

(a) The average monthly deposits to the prisoner's institutional account for the 12 months preceding the date on which the civil action is commenced or the appeal is filed.

(b) The average monthly balance in the prisoner's institutional account for the 12 months preceding the date on which the civil action is commenced or the appeal is filed.

(4) In determining the balance in a prisoner's institutional account for purposes of subsection (2) or (3), the court shall disregard amounts in the institutional account that are required by law or by another court order to be paid for any other purposes.

(5) In addition to an initial partial filing fee under subsection (3), the court shall order the prisoner to make monthly payments in an amount equal to 50% of the deposits made to the account. Payments under this subsection shall continue until the full amount of the filing fee is paid. The collection of payments from the account, and their remittal by the department of corrections, shall be conducted as provided in section 68 of 1953 PA 232, MCL 791.268. If costs are assessed against a prisoner, and if the balance of the prisoner's institutional account is not sufficient to pay the full amount of the costs assessed, the court shall order the prisoner to make payments in the same manner required in this section for the payment of filing fees, and the full amount of the costs shall be collected and paid in the manner provided in this subsection and in section 68 of 1953 PA 232, MCL 791.268.

(6) The total amount collected from a prisoner under subsections (3) to (5) shall not exceed the full amount of the filing fee and costs required by law.

(7) For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency. However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to

> pay the initial partial filing fee. If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.
>
> (8) A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.
>
> (9) If a prisoner is ordered by a court to make monthly payments for the purpose of paying the balance of filing fees or costs under this section, the agency having custody of the prisoner shall remove those amounts from the institutional account of the prisoner subject to the order and, when an amount equal to the balance of the filing fees or costs due is removed, remit that amount as directed in the order.

MICH. COMP. LAWS § 600.2963. Plaintiffs allege that "they have been and will be prevented in the future from seeking judicial review and habeas corpus" by Defendants "Ingham County, Schultz Mengel, Hauser, Dissessa, Watson, Bandstra, Whitbeck, Bryanton, Houk and Easterday" due to these Defendants' "unlawful application" of section 600.2963(8) of the Michigan Compiled Laws. (Pls.' Am. Compl. ¶ 137.) Plaintiffs allege that section 600.2963(8) "on its face bars the filing of a combined action." (*Id.*) Plaintiffs allege that Defendants' "unlawful application" of section 600.2963(8) results in a violation of their First Amendment right to access the courts and their Fourteenth Amendment right to equal protection of the laws. Plaintiffs also allege

that Defendants' "unlawful application" of section 600.2963(8) violates Article VI cl. 2[2] and Article I §9 cl. 2[3] of the United States Constitution, and 42 U.S.C. § 1985(3). In addition, Plaintiffs Coleman, Carney, and Percival allege separate claims against one or more of the Ingham County Defendants and Judges Bandstra and Whitbeck for allegedly denying them access to the courts "to file [] petition[s] for judicial review seeking liberty" by applying section 600.2963(8) of the Michigan Compiled Laws. (Pls.' Compl. ¶¶ 139-44.)

This Court referred all pretrial matters to Magistrate Judge Pepe on October 4, 2007. On April 11, 2008, the Ingham County Defendants filed a motion to dismiss or, in the alternative, for summary judgment with respect to Plaintiffs' remaining claims. On June 2, 2008, Plaintiffs Percival, Carney, Coleman, and Raleem-X filed a typed counter-motion for summary judgment, dated May 26 and 27, 2008, against all of the remaining Defendants. Four days later, on June 6, 2008, Plaintiffs Percival, Carney, Coleman, Denham, and Raleem-X filed a handwritten counter-motion for summary judgment against all of the remaining Defendants, which was dated May 30, 2008.[4] The Ingham

---

[2] Article VI cl. 2 is the so-called Supremacy Clause, which provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

[3] Article I §9 cl. 2 provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

[4] Plaintiffs' counter-motions are almost identical except that Plaintiffs' typed counter-motion for summary judgment has over nine additional pages. In both counter-

County Defendants filed a response to both counter-motions for summary judgment on June 23, 2008, to which Plaintiffs replied on July 11, 2008. The Court of Appeals Defendants have yet to respond to Plaintiffs' counter-motions.

On August 14, 2008, Magistrate Judge Pepe issued an R&R, recommending that the Ingham County Defendants' motion be granted and Plaintiffs' counter-motions be denied. Magistrate Judge Pepe recommends that the claims against Defendants Judge Houk, Judge Collette, Bryanton, Easterday, and Fisher be dismissed based on the doctrine of judicial immunity. Furthermore, Magistrate Judge Pepe recommends that Plaintiffs' claims against Ingham County be dismissed because Plaintiffs failed to show "the existence [of] any custom on the part of the Ingham County that has denied them access to the courts." (R&R at 10.) Magistrate Judge Pepe recommends that Plaintiffs' as-applied challenge to the constitutionality of section 600.2963(8) be dismissed under the *Rooker-Feldman* doctrine. Finally, Magistrate Judge Pepe recommends that Plaintiffs' facial challenge to the constitutionality of section 600.2963(8) be denied. Plaintiffs filed objections to the R&R on September 2, 2008.

## II. **Standard of Review**

The parts of the R&R to which the parties specifically object will be reviewed by

---

motions, Plaintiffs seek the following relief: (1) a declaration that section 600.2963(8) is facially unconstitutional; (2) a declaration that section 600.2963(8) has been applied unconstitutionally to Plaintiffs' § 1983 claims, habeas petitions, and other efforts to seek judicial review; (3) an award of monetary damages from the Ingham County Defendants; (4) an order that the Michigan Department of Corrections Director cease listing indigent loans as deposits of real money; (5) the expungement of certain misconduct tickets; and (6) the waiver of any statutes of limitations that ran due to Defendants' alleged misapplication of section 600.2963(8).

7

the Court *de novo*. *See* FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(explaining that vague, general, and conclusory objections are tantamount to a complete failure to object). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## III. Analysis

### A. Summary Judgment Standard of Review

This Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

### B. Plaintiffs' First Objection

In their first objection, Plaintiffs assert that Magistrate Judge Pepe should have granted them summary judgment against the Court of Appeals Defendants because the Court of Appeals Defendants failed to respond to their counter-motions for summary judgment.[5] Plaintiffs did move for summary judgment against the Court of Appeals Defendants and the Court of Appeals Defendants failed to respond as required under

---

[5] Magistrate Judge Pepe's R&R does not address Plaintiffs' motions as they apply to the Court of Appeals Defendants.

Eastern District of Michigan Local Rule 7.1(1)(B). Nevertheless, the Court does not believe that it is proper to grant summary judgment in Plaintiffs' favor against the Court of Appeals Defendants simply due to their failure to timely respond to Plaintiffs' motions, particularly where, as here, the Court's disposition of Plaintiffs' remaining claims against the Ingham County Defendants will foreclose Plaintiffs' claims against the Court of Appeals Defendants. Rather, the Court will order the Court of Appeals Defendants to show cause as to why Plaintiffs' counter-motions for summary judgment should not be granted against them.

### C. Plaintiffs' Second Objection

Plaintiffs also object to the R&R to the extent that it recommends that Plaintiffs' claims against the individual Ingham County Defendants be dismissed under the doctrine of absolute judicial immunity. Plaintiffs contend that the individual Ingham County Defendants were performing a proprietary, as opposed to judicial, act when they were "collecting money to deposit into the country treasury pursuant to MCL 600.2529(a) and (b)." (Pls.' Objs. at 2.) Therefore, according to Plaintiffs, Magistrate Judge Pepe erred in recommending that Plaintiffs' claims against the individual Ingham County Defendants be dismissed under the doctrine of judicial immunity.

This Court finds Plaintiffs' second objection to be without merit and agrees with Magistrate Judge Pepe to the extent that he recommends that Plaintiffs' claims for monetary damages against the individual Ingham County Defendants be dismissed under the doctrine of judicial immunity. The individual Ingham County Defendants, which include two Ingham County Circuit Court judges, the Ingham County Circuit Court

9

administrator, an Ingham County Circuit Court clerk, and an Ingham County Circuit Court law clerk, are absolutely immune from suits for monetary damages as judicial and quasi-judicial officers. *See Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 287 (1991)(stating that a judge performing judicial functions generally is absolutely immune from suit seeking monetary damages); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)(noting that "absolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties"). Contrary to Plaintiffs' contention, there is no evidence that the individual Ingham County Defendants were performing non-judicial acts in applying section 600.2963(8) to reject Plaintiffs' filings. Consequently, Plaintiffs' claims against the individual Ingham County Defendants for monetary damages will be dismissed.

### D. Plaintiffs' Third Objection

Plaintiffs next object to Magistrate Judge Pepe's R&R to the extent it recommends that Plaintiffs' claim under 42 U.S.C. § 1983 against Ingham County be dismissed because Plaintiffs failed to show "the existence of any custom of Ingham County that has denied them access to the courts." (R&R at 10.) In their third objection, Plaintiffs contend that a Michigan Supreme Court case, *Mudge v. Macomb Co.*, 458 Mich. 87, 580 N.W. 2d 845 (1998), applies to this case and should lead the Court to reject the portion of the R&R recommending dismissal of Plaintiffs' § 1983 claims against Ingham County.

This Court agrees with Magistrate Judge Pepe's R&R to the extent it recommends that Ingham County be dismissed from this lawsuit. Plaintiffs argue that Ingham County has an unconstitutional policy or custom of applying section 600.2963(8) to deny indigent

prisoners access to the courts. Plaintiffs' claim against Ingham County must fail because Plaintiffs have failed to show that any injury they suffered was the result of an unconstitutional policy or custom executed by employees of Ingham County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978)("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Plaintiffs assume that the individual Ingham County Defendants are county, as opposed to state, officials. Contrary to Plaintiffs' assumption, the individual Ingham County Defendants, who are all employees of the Ingham County Circuit Court, are actually employees of the state. *See Fox v. Van Oosterum*, 176 F.3d 342, 352-54 (6th Cir. 1999)(holding that a Michigan county could not be held liable as a municipality under *Monell* because the actual injury that was caused by an allegedly unconstitutional custom or policy was imposed by a state circuit court judge who is a state employee). Because the allegedly "unlawful application" of section 600.2963(8) was done by state, rather than county employees, Plaintiffs' claims against Ingham County must fail. Finally, this Court does not believe that the circumstances in *Mudge* are applicable to this case and finds Plaintiffs' reliance on *Mudge* puzzling. *See generally Mudge*, 458 Mich. 87, 580 N.W. 2d 845 (holding that the defendants' procurement of ex parte orders seizing the plaintiffs' bond money for reimbursement for the costs of the plaintiffs' incarceration could amount to an unconstitutional taking cognizable under § 1983). Therefore, Plaintiffs' § 1983 claims against Ingham County will be dismissed.

### E. Plaintiffs' Fourth Objection

Plaintiffs also take issue with Magistrate Judge Pepe's R&R to the extent it recommends that Plaintiffs' as-applied challenges to the constitutionality of section 600.2963(8) be dismissed under the *Rooker-Feldman* doctrine.

The Court agrees with Magistrate Judge Pepe and finds that the *Rooker-Feldman* doctrine bars Plaintiffs' as-applied challenges. "The *Rooker-Feldman* doctrine . . . bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court." *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004). As Magistrate Judge Pepe noted, the Sixth Circuit has already held that as-applied challenges to section 600.2963(8) are barred by the *Rooker-Feldman* doctrine. *Id.* at 640-42 (holding that a prisoner's as applied challenge to 600.2963(8) for the defendants' denial of his request for a waiver of filing fees was barred under the *Rooker-Feldman* doctrine). Consequently, this Court is unable to reach the merits of Plaintiffs' claims against the Ingham County Defendants based on their alleged "unlawful application" of section 600.2963(8), because to reach the question of whether the Ingham County Defendants applied section 600.2963(8) to Plaintiffs in an unconstitutional manner would require this Court "to sit in review of the [Ingham County Circuit Court] in violation of the *Rooker-Feldman* doctrine." *Id.* at 641. Therefore, Plaintiffs' as-applied challenge to the constitutionality of section 600.2963(8) as it applies to the Ingham County Defendants will be dismissed.

### F. Plaintiffs' Fifth Objection

Finally, Plaintiffs object to Magistrate Judge Pepe's R&R to the extent it

recommends that Plaintiffs' facial challenge to the constitutionality of section 600.2963(8) be dismissed on the merits. As indicated above, section 600.2963(8) provides that "[a] prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid." MICH. COMP. LAWS § 600.2963(8). Plaintiffs argued in their typed counter-motion that section 600.2963(8) "prevents the filing of a second suit solely because a prisoner has failed to pay the fees of a prior suit." (Doc. No. 129, Pls.' Br. at 1.)

"[A] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100(1987). Furthermore, courts must avoid constructions of statutes that would render the statute unconstitutional. *See, e.g., Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 628-29, 113 S. Ct. 2264, 2282-2283 (1993).

This Court agrees with Magistrate Judge Pepe's recommended dismissal of Plaintiffs' facial challenge to the constitutionality of section 600.2963(8). Here, Plaintiffs cannot show that there is no set of circumstances under which section 600.2963(8) would be valid. As explained in a recent case decided in the Western District of Michigan, section 600.2963(8) "must be read *in pari materia* with section 600.2963(7) to preserve the constitutionality of the statute by permitting the state court to waive the section 600.2963(8) practice when it would result in [a] violation of indigent suitors'

13

constitutional rights to seek appellate and habeas review." *Bridges v. Collette*, No. 5:06-CV-46, 2008 U.S. Dist. LEXIS 58, at *7 (W.D. Mich. Jan. 2, 2008)(citing *Concrete Pipe & Prods. of Cal., Inc.*, 508 U.S. at 628-29, 113 S. Ct. at 2282-83 and *Lynch v. Overholser*, 369 U.S. 705, 711, 82 S. Ct. 1063, 1067 (1962)). In other words, section 600.2963(8), which seems to prohibit any subsequent suit by a prisoner who has failed to pay the filing fees assessed from a prior suit, must be read in conjunction with section 600.2963(7), which allows courts to waive or suspend the payment of filing fees when "the prisoner has no means by which to pay the initial partial filing fee." When section 600.2963(8) is read in conjunction with section 600.2963(7), it does not unconstitutionally deny indigent prisoners access to the courts, because section 600.2963(7) allows courts to waive or suspend the initial partial filing fee. Consequently, Plaintiffs' facial challenge to the constitutionality of 600.2963(8) must be rejected.[6]

Accordingly,

**IT IS ORDERED** that the Ingham County Defendants' motion for summary judgment is **GRANTED**.

---

[6]Although the Court, as dictated by *Howard v. Whitbeck, supra*, has concluded that Plaintiffs' as-applied challenges to the constitutionality of section 600.2963(8) cannot be reviewed by this Court under the *Rooker-Feldman* doctrine, and that Plaintiffs' facial challenges must also fail, it nevertheless shares Judge Enslen's concerns with Defendants' application of section 600.2963(8) to bar indigent prisoners from filing civil lawsuits in state court. *See Bridges*, 2008 U.S. Dist. LEXIS 58, at *7 n. 3 ("Having determined that the suit must be dismissed, the Court is nevertheless troubled that this prisoner, and others like him, appear to be indigent and appear to have lawsuits dismissed due to fee balances which they cannot cure given their indigency. Should this pattern persist, then eventually the United States Supreme Court would be obliged to address why the Defendant Judges are not providing equal access to the courts to indigent prisoners.")

**IT IS FURTHER ORDERED** that Plaintiffs' counter-motions for summary judgment are **DENIED** as to the Ingham County Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against the Ingham County Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants Jennifer Granholm, Sandra Schultz Mengel, Kimberly S. Hauser, Hannah Watson, Angela Dissessa, Judge Richard Bandstra, and Judge Howard C. Whitbeck show cause, within twenty (20) days of the date of this Opinion and Order, as to why Plaintiffs' counter-motions for summary judgment should not be granted.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Andre Coleman-Bey
#173324
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Jeffrey Carney
#188923
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Curtis Fuller, a/k/a Raleem-X
#211080
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Ronrico Denham
#234620
Gus Harrison Correctional Facility

2727 East Beecher St.
Adrian, MI 49221

Leon Percival
#220239
Alger Maximum Correctional Facility
Industrial Park Drive
P.O. Box 600
Munising, MI 49862