UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE COLEMAN, et al.,

      Plaintiffs,

                                     Case No. 06-12485

v.

                                     Honorable Patrick J. Duggan

JENNIFER GRANHOLM, et al.,

      Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 15, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This is a pro se civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985.

Plaintiffs are five state prisoners currently incarcerated in one of the following Michigan

Department of Corrections' prisons: the Alger Maximum Correctional Facility in

Munising, Michigan; the Gus Harrison Correctional Facility in Adrian, Michigan; and the

Marquette Branch Prison in Marquette, Michigan. Plaintiffs' amended complaint, which

was filed on January 16, 2007, and names 20 Defendants, asserts several constitutional

claims challenging the conditions of their confinement and other claims challenging the

constitutionality of section 600.2963(8) of the Michigan Compiled Laws. As a result of

the Court's disposition of prior motions, only Plaintiffs' claims challenging the

constitutionality of section 600.2963(8) of the Michigan Compiled Laws against seven of the Defendants remain. In a prior opinion, the Court referred to the remaining Defendants as the "Court of Appeals Defendants" and they are: Jennifer Granholm, Sandra Schultz Mengel, Kimberly S. Hauser, Hannah Watson, Angela Dissessa, Judge Richard Bandstra, and Judge Howard C. Whitbeck.

Plaintiffs' remaining claims against the Court of Appeals Defendants are identical in substance to claims against six other defendants, the "Ingham County Defendants," that were dismissed by this Court's Opinion and Order on October 14, 2008. In that Opinion and Order, the Court noted that the "disposition of Plaintiffs' remaining claims against the Ingham County Defendants will foreclose Plaintiffs' claims against the Court of Appeals Defendants." The Court refrained from granting summary judgment to the Court of Appeals Defendants at that time, however, because they had failed to respond to Plaintiffs' Motion for Summary Judgment. Instead, the Court ordered that the Court of Appeals Defendants "show cause as to why Plaintiffs' counter-motions for summary judgment should not be granted against them." Presently pending before the Court are the issues raised in the Court of Appeals Defendants' response to the show cause order and the Plaintiffs' reply thereto.

The Court of Appeals Defendants filed their response to the show cause order on November 3, 2008. In the response, counsel for the Court of Appeals Defendants apologizes for his failure to file a timely response and explains that he mistakenly believed that Plaintiffs' "counter-motions" did not apply to the Court of Appeals

Defendants who, at that time, had no pending motions. Counsel goes on to request that the Court deny Plaintiffs' counter-motions and grant summary judgment to the Court of Appeals Defendants for the reasons set forth in the Court's October 14, 2008, Opinion and Order. Because the Court is satisfied with the response to the show cause order and because the Opinion and Order granting summary judgment to the Ingham County Defendants applies with equal force to the Court of Appeals Defendants, the Court grants summary judgment to the Court of Appeals Defendants for the reasons set forth in this Court's October 14, 2008, Opinion and Order.

As noted above, Plaintiffs filed a reply to Defendants' response to the show cause order in which they argue that the Court of Appeals Defendants cannot rely on the same defense as the Ingham County Defendants and that the Court's rationale regarding the facial challenge to section 600.2963(8) of the Michigan Compiled Laws is flawed. In essence, then, Plaintiffs' reply is equivalent to a motion for reconsideration. Eastern District of Michigan Local Rule 7.1(g)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect. "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). Plaintiffs' reply merely attempts to relitigate issues previously decided by this Court. Therefore, Plaintiffs are not entitled to relief.

Accordingly,

**IT IS ORDERED** that Plaintiffs' counter-motions for summary judgment are

**DENIED** as to the Court of Appeals Defendants.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** to the Court

of Appeals Defendants for the reasons set forth in this Court October 14, 2008, Opinion

and Order.

A judgment consistent with this opinion shall issue.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Andre Coleman-Bey
#173324
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Jeffrey Carney
#188923
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Curtis Fuller, a/k/a Raleem-X
#211080
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Ronrico Denham
#234620
Gus Harrison Correctional Facility

2727 East Beecher St.
Adrian, MI 49221

Leon Percival
#220239
Marquette Branch Prison
1960 U.S. Hwy. 41 South
Marquette, MI 49855

Mark V. Schoen, Esq.